Green, J.
delivered the opinion of the court.
This is an action of trover for a mare, brought against a *467 Constable for selling her to satisfy an execution against the plaintifF contrary to law.
It appeared in proof that the mare in question belonged to the plaintiff; that when the defendant came to levy the fi. fa. the plaintiff said the mare was not his property, and that one Harris, who was present, claimed the mare as his property, and said he had purchased her from the plaintiff, which the plaintiff did not contradict, but that he claimed the mare on the day of sale. It was proved that the plaintiff was a farmer and was the head of a family, owning no other mule, yoke of oxen or horse than the mare which was levied on and sold.
The court charged the jury “that to recover, the plaintifF must have title at the time the property was taken; that if the plaintiff' had made an actual sale of the property to Harris he could not recover; but if it was an arrangement entered into in order to deter the officer from making the levy, and to enable the plaintiff and Harris to get off with the mare to Texas, and in point of fact the property still remained in the plaintiff, then the plaintiff had a right to recover if he had proved the necessary facts prescribed by the poor laws, and the question of fraud did not arise.” We concur with the counsel for the plaintiff in error that if there were an actual sale of the mare to Harris, whether bond fide or to defraud creditors, it divested the plaintiff of his right and he could not recover. But we do not think the charge of the court contravenes this principle. His honor told the jury, “that if the plaintiff had made an actual sale of the property to Harris he could not recover.” This embraces all that is contended for by counsel. A sale to defeat creditors, although void as to them, would be binding between the parties; it would therefore be an actual sale. . But the court said if there was an arrangement entered into in order to deter the officer from making a levy, but in point of fact the right of property still remained in the plaintiff, he could recover. The remaining part of the charge is, that although Harris claimed the mare, and the plaintiff did not contradict his assertions, still, if the jury believed, from all the evidence, that in point of fact there had been no con *468 tract of sale between them, but their assertions were made to deter the officer from making the levy, such conduct would not prevent the plaintiff from recovering. In this we think there is no error. It is true the declarations of Harris in the presence of the plaintiff, and uncontradicted by him, were competent evidence to prove a sale; but other facts in the case were calculated to show that these were feigned statements made to deceive the officer, and that in fact there had been no sale. The falsehood which these parties attempted to practice on the officer, though very reprehensible and immoral, did not take away the plaintiff’s right of property nor prevent him from asserting it in this suit.
We think there is no error in the judgment, and direct it to be affirmed.